The Honorable Christopher M. Alston
Chapter 13

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| IN RE:<br>Jose Ortiz,<br>　　　　　　　　Debtors.<br>_____<br>Jose Ortiz,<br>　　　　　　　　Plaintiffs,<br>v.<br>Internal Revenue Service,<br>　　　　　　　　Defendant. | Case No. 17-13890 - CMA<br><br>Adversary No.<br><br>COMPLAINT TO VALUE JUNIOR LIEN OF THE INTERNAL REVENUE SERVICE |

COMES NOW Jose Ortiz, the Debtor in the above-captioned Chapter 13 case and Plaintiff in the above-captioned adversary proceeding (hereinafter "Plaintiff"), by and through his counsel of record, Christina L. Henry of Henry, DeGraaff & McCormick, P.S., and brings this Complaint against the Internal Revenue Service to value their junior lien pursuant to § 506.

**I.　　JURISDICTION AND VENUE**

1.　　This is adversary proceeding is brought pursuant to Federal Rule of Bankruptcy Procedure 7001 and 11 U.S.C. §§ 506(a), (d) and 11 U.S.C. § 1322(b)(2).

COMPLAINT TO VALUE JUNIOR LIEN OF THE INTERNAL REVENUE SERVICE - Page 1

**HENRY DEGRAAFF & MCCORMICK, P.S.**
1833 N 105TH ST., STE 203
SEATTLE, WASHINGTON 98133
telephone (206) 330-0595
fax (206) 400-0595

Case 17-01177-CMA　　Doc 1　　Filed 11/03/17　　Ent. 11/03/17 10:19:14　　Pg. 1 of 6

2. This is a core proceeding. The Court has personal jurisdiction pursuant to 28U.S.C. § 1334 and subject matter jurisdiction pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (K).

4. Venue is proper pursuant to 28 U.S.C. § 1409(a) in that this proceeding arises under Title 11 of the United States Code.

5. This matter is a core proceeding and requires consent by the parties to entry of final orders or judgments by the bankruptcy judge. If consent is necessary, the Plaintiff consents. Fed.R.Bankr. Procedure 7008(a).

## II. PARTIES

5. Jose Ortiz is a resident of King County Washington, and is the named Debtor in the above-captioned Chapter 13 bankruptcy case and the Plaintiff in the above-captioned adversary proceeding.

6. Defendant is the Internal Revenue Service ("IRS") and they are a creditor Jose Ortiz's bankruptcy case.

## III. STATEMENT OF FACTS

7. The Plaintiff filed a voluntary Chapter 13 petition under Title 11 of the U.S. Bankruptcy Code on September 1, 2017 (hereinafter the "Petition Date").

8. The Plaintiff is an owner of a residence located at 11224 SE 253rd Pl, Kent, WA ("Residence").

9. Upon information and belief, the claims below list the claims allegedly secured by the Property. The approximate amounts of the liens, in the order of priority, are as follows:

| | |
|---|---|
| Ditech Financial LLC fka Green Tree Servicing LLC is secured by the Deed of Trust recorded in King County under Auditor File No. 20030828001986 on 8/28/2003, and assigned under File No. 20120502000058 | $175,210.96<br><br>(Proof of Claim #2 by Ditech filed on 10/04/17) |

COMPLAINT TO VALUE JUNIOR LIEN OF THE INTERNAL REVENUE SERVICE - Page 1

HENRY DEGRAAFF & MCCORMICK, P.S.
1833 N 105TH ST., STE 203
SEATTLE, WASHINGTON 98133
telephone (206) 330-0595
fax (206) 400-0595

Case 17-01177-CMA    Doc 1    Filed 11/03/17    Ent. 11/03/17 10:19:14    Pg. 2 of 6

| The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as Indenture Trustee for Residential Asset Mortgage Products, Inc., GMACM Home Equit Loan Trust 2007-HE3 and serviced by Ocwen Loan Servicing, LLC. The Deed of Trust is filed in the King County Recorder's Office under Auditor File# 20070620001723 on 6/20/2007 and assigned under File#20160614001207. | $238,940.38 (Per Payoff Stmt received 10/30/2017) |
|---|---|
| 1040 IRS Tax Lien (recorded 8/25/2010) under recording number 20100825000123 | $36.442.20 |
| 1040 IRS Tax Lien (recorded 8/22/2011) under recording number 20110822000607 | $12.951.70 |
| 1040 IRS Tax Lien (recorded 3/22/2013) under recording number 20130322001738 | $42,885.97 |
| 1040 IRS Tax Lien (recorded 1/27/2014) under recording number 201401270000183 | $27,741.24 |

10.     As of the Petition Date, the value of the Residence as set forth in the Plaintiffs' sworn bankruptcy schedules was $390,716.00 and is based on discussions with a real estate broker regarding the hypothetical sale of the property.

11.     Since the first and second consensual deeds of trust on the property total $412,151.30 which is already more than the stated $390,716.00 valuation of the property, the IRS liens are wholly unsecured and there is no equity for them to attach to.

## IV. CLAIM FOR RELIEF

**VALIDITY OF DEFENDANT'S LIENS UNDER THE BANKRUTPCY CODE**

12.     The Plaintiff re-allege(s) all above paragraphs relevant hereto are incorporated herein by reference.

13.     Debtor's Residence is valued at $390,716.00 on the bankruptcy schedules. The first lien on the Residence is in the amount of $175,210.96 (Deed of Trust serviced by Ditech Financial, LLC ("Ditech") with the original beneficiary of Apreva Inc, King County Auditor File No. 20030828001986, with an assignment to Bank of America N.A. successor by Merger to

COMPLAINT TO VALUE JUNIOR LIEN OF THE INTERNAL REVENUE SERVICE - Page 1

**HENRY DEGRAAFF & MCCORMICK, P.S.**
1833 N 105TH ST., STE 203
SEATTLE, WASHINGTON 98133
telephone (206) 330-0595
fax (206) 400-0595

Case 17-01177-CMA    Doc 1    Filed 11/03/17    Ent. 11/03/17 10:19:14    Pg. 3 of 6

BAC home Loans Servicing LP, fka Country wide Home Loans Servicing LP under Auditor File No. 20120502000058.

14. The second lien on the Residence is in the amount of $238,940.38 (Deed of Trust serviced Ocwen Loan Servicing, LLC ("Ocwen") with the current beneficiary as The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as Indenture Trustee for Residential Asset Mortgage Products, Inc., GMACM Home Equit Loan Trust 2007-HE3. The Deed of Trust is filed in the King County Recorder's Office under Auditor File# 20070620001723 on 6/20/2007 and assigned under File#20160614001207).

15. The first and second deeds of trust on the property total $412,151.30 encumbers all the available equity in the property that has a fair market value of $390,716.00 per the Debtor bankruptcy schedules.

16. Defendant's junior liens to the Internal Revenue Service for 1040 taxes totaling $120,021.11 under the King County Auditor's File Nos: 20100825000123, 20110822000607, 20130322001738, and 201401270000183 are wholly unsecured because the value of the Residence is less than the claimed amount of the senior lien against the Residence.

14. Defendant's junior IRS tax liens are wholly unsecured claims that are void under 11 U.S.C. § 506(d) because an allowed claim of a creditor secured by a lien on property in which the estate has an interest is a secured claim only to the extend of the value of such creditor's interest in the estate's interest in such property …. and it is an unsecured claim to the extent that the value of such creditor's interest … is less than the amount of such allowed claim.

15. The junior IRS tax liens here arose by statute under 26 U.S.C. § 6321 and are defined under 11 U.S.C. § 101(53) of the bankruptcy code. These tax liens secured against real

COMPLAINT TO VALUE JUNIOR LIEN OF THE INTERNAL REVENUE SERVICE - Page 1

**HENRY DEGRAAFF & MCCORMICK, P.S.**
1833 N 105TH ST., STE 203
SEATTLE, WASHINGTON 98133
telephone (206) 330-0595
fax (206) 400-0595

Case 17-01177-CMA    Doc 1    Filed 11/03/17    Ent. 11/03/17 10:19:14    Pg. 4 of 6

property by filing a Notice of lien in the recorder's office in the county where the Resident is located, subject to local laws regarding lien priority. 26 U.S.C. § 6323.

16. When the value of the Property is more than the value of the senior lien the junior liens are wholly unsecured and are not treated as secured claims. Since 11 U.S.C. § 1322(b)(2) only controls the anti-modification of secured claims against principal residences, a wholly unsecured claim as defined by a § 506(a) valuation process may be stripped off the Property pursuant to 11 U.S.C. § 1322(b)(2). *See In re Zimmer*, 313 F.3d 1220, 127 9th Cir. 2002).

17. In addition since the relevant tax returns were due more than three years ago, filed more than two years prior to bankruptcy and assessed more than 240 days ago they should be treated as unsecured debts that are dischargeable in the Chapter 13 bankruptcy after strip off.

15. As the Debtor in a Chapter 13 bankruptcy case, the Plaintiff is authorized, pursuant to 11 U.S.C. § 1322(b)(2), to propose and confirm a Chapter 13 plan which modifies the rights of holders of unsecured claims.

16. Thus, Defendant's lien is entirely unsecured and affording Defendant no secured claim as defined by 11 U.S.C. § 506(a) and (d) against the principal residence of the Plaintiff.

17. As the Debtor in a Chapter 13 bankruptcy case, the Plaintiff is authorized pursuant to 11 U.S.C. § 1322(b)(2) to modify the rights of wholly unsecured mortgages and treat them as unsecured claims. *See Zimmer v. PSB Lending Corp. (In re Zimmer)*, 313 F.3d 1220 (9th Cir. 2002).

## VI. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully pray that this Court enter a judgment declaring the following:

COMPLAINT TO VALUE JUNIOR LIEN OF THE INTERNAL REVENUE SERVICE - Page 1

**HENRY DEGRAAFF & MCCORMICK, P.S.**
1833 N 105TH ST., STE 203
SEATTLE, WASHINGTON 98133
telephone (206) 330-0595
fax (206) 400-0595

Case 17-01177-CMA    Doc 1    Filed 11/03/17    Ent. 11/03/17 10:19:14    Pg. 5 of 6

A. The four junior liens held by the Internal Revenue Service are wholly unsecured based on the value of Debtors' Property and the amount owing on the senior first and second deeds of trust on the property.

B. Defendant IRS's liens are therefore stripped off; and

C. Debtors may treat Defendant IRS's claims recorded under King County Auditor's No.: 20100825000123, 20110822000607, 20130322001738, and 201401270000183 as general unsecured claims in their chapter 13 plan.

D. That this Court grants such further relief as it deems just and equitable.

DATED this November 3, 2017.

HENRY, DEGRAAFF & MCCORMICK, P.S.

By: */s/ Christina L. Henry*
Christina L. Henry, WSBA #31273
Attorney for Plaintiff

COMPLAINT TO VALUE JUNIOR LIEN OF THE INTERNAL REVENUE SERVICE - Page 1

HENRY DEGRAAFF & MCCORMICK, P.S.
1833 N 105TH ST., STE 203
SEATTLE, WASHINGTON 98133
telephone (206) 330-0595
fax (206) 400-0595

Case 17-01177-CMA    Doc 1    Filed 11/03/17    Ent. 11/03/17 10:19:14    Pg. 6 of 6